UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | | | |
|---|---|---|---|
| MOSES WRIGHT, | ) | | |
| Plaintiff | ) | | |
| | ) | | |
| v. | ) | CASE NO. | 1:01-CR-27-TLS |
| | ) | | 1:06-CV-306-TLS |
| UNITED STATES OF AMERICA, | ) | | |
| Defendant. | ) | | |

**OPINION**

The Defendant, Moses Wright, filed a habeas petition pursuant to 28 U.S.C. § 2255, claiming several grounds justify setting aside his sentence. However, the Defendant's petition fails because he waived his right to contest his sentence and has not offered anything suggesting the waiver was involuntary.

**A.   Background**

The government filed a two-count indictment against the Defendant on March 28, 2001, for violating 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 924(c). He filed a motion to suppress a gun found in his car and the cocaine the Defendant was charged with possessing. The Court denied the motion after a hearing and briefing. A superceding indictment was filed on November 25, 2002. During this time, the Defendant had been represented by three different attorneys, and on December 27, 2002, the Defendant's fourth attorney, Mr. Thomas O'Malley, was appointed.

A plea agreement was filed on May 12, 2003. On the same day, a plea hearing was held

before Magistrate Judge Cosbey, who recommended accepting the Defendant's plea. On May 19, 2003, before the Magistrate Judge's recommendation was approved, the Defendant moved to withdraw his plea. On June 17, 2003, the Defendant's motion to withdraw his plea was granted.

The Defendant was set to go to trial on August 19, 2003. Instead of going to trial, on that day the Defendant pled guilty to Count 1 of the Superceding indictment for possessing with the intent to distribute more than 50 grams of a controlled substance, cocaine base crack, in violation of 21 U.S.C. § 841(a)(1). The plea agreement he signed set forth the following waiver:

> Defendant is aware that his sentence will be determined in accordance with the United States Sentencing Guidelines and any applicable statutorily required sentencing provisions. Defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Defendant agrees that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense as set forth in paragraph 7 of this Plea Agreement. With that understanding, defendant expressly waives his right to appeal his sentence on any ground, including any right conferred by 18 U.S.C. § 3742. Defendant also agrees not to contest his sentence in which it was determined in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.

(Plea Agreement, Aug. 19, 2003, DE 147.) At the plea hearing, the Court asked the Defendant if he understood that he "expressly waived any right to appeal any sentence imposed, and [he] also agreed not to contest any sentence imposed or the manner in which it was determined in any post conviction proceeding?" (Tr. Plea Hearing 12, Aug. 19, 2003.) The Defendant responded, "Yes." (Tr. Plea Hearing 12, Aug. 19, 2003.) The Court also asked the Defendant whether "anyone threatened [him] or anyone else or anyone forced you in any way to get you to plead guilty?" (Tr. Plea Hearing 12, Aug. 19, 2003.) The Defendant responded "No, Your Honor." (Tr. Plea Hearing 12, Aug. 19, 2003.)  The Court asked "are you satisfied with Mr. O'Malley's representation on your behalf in this case?" to which the Defendant answered "yes." (Tr. Plea Hearing 5, Aug. 19, 2003.) The Court accepted the Defendant's plea and found him guilty.

On October 22, 2003, the Defendant sought to withdraw his guilty plea, arguing that he was coerced into pleading guilty because government counsel said he would seek additional penalties against the Defendant. Also, he claims he distrusted the Federal Judiciary because of adverse rulings on his pretrial motions and that he was not confident in his attorney's preparation for trial. These factors affected his ability to think clearly and he pled guilty despite his innocence. The Court declined to allow him to withdraw his guilty plea, finding that he had voluntarily pled guilty. (Op. Jan. 7, 2004, DE 155.) A new attorney was appointed to the Defendant, and on April 12, 2004, the Defendant was sentenced to 151 months of imprisonment.

The Defendant's habeas petition seeks to set aside his sentence on the following grounds:

1) his counsel provided ineffective assistance by failing to object to the criminal history calculation in the pre-sentence investigation report;

2) his counsel provided ineffective assistance by failing to preserve his *Booker* rights;

3) his counsel provided ineffective assistance by compelling him to involuntarily waive his rights at the plea hearing;

4) his counsel provided ineffective assistance by failing to move for a downward departure based on his medical condition;

5) his counsel provided ineffective assistance by failing to appeal the ruling on his suppression motion; and

6) his counsel provided ineffective assistance by failing to investigate or raise facts that would show he was actually innocent, and his appellate counsel provided ineffective assistance by not raising the issue on appeal.

3

**B.    Waiver**

The Defendant has waived his right to contest his sentence on any ground, and so, his claims relating to the sentence imposed—his claims for ineffective assistance of counsel regarding his counsel's failure request a departure for a medical condition, failure to object to the criminal history calculation, and failure to preserve his *Booker* rights—cannot be challenged. If plea agreements are to continue having any worth, they must be enforced as agreed by the parties. *Cf. United States v. Williams*, 184 F.3d 666, 670 (7th Cir. 1999) (a defendant, who was on notice through a plea agreement that the sentence imposed could be more than he or the government expected, is bound by that plea agreement); *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998) ("[L]aw in this circuit is clear: [knowing and voluntary] [w]aivers of appeal are enforceable.").

The government argues that all of the Defendant's claims were waived. However, the government fails to consider the scope of the waiver in the plea agreement. Because the Defendant only waived his right to challenge his sentence, his other claims that are unrelated to the sentence imposed were not waived. *Bridgeman v. United States*.  229 F.3d 589, 592 (7th Cir. 2000).

**C.    Counsel's Ineffectiveness for Compelling the Defendant to Waive his Rights and for Failing to Investigate Exculpatory Evidence**

The Defendant claims his plea was compelled by his attorney's ineffectiveness. The sum of the Defendant's objection is this: "Counsel failed to preserve my Booker rights and compelled a non-voluntary waiver at plea and sentence—ineffectiveness." (Def. Mot. 5, DE 202.) However, he also states that his counsel was ineffective for failing to investigate evidence that would show

4

he did not possess the drugs at issue, and that he was actually innocent of the charges. This is the only problem the Defendant has raised in his habeas petition that relates to his counsel's performance before he pled guilty. The Court will construe the Defendant's claim to be that he was forced to plead guilty because his counsel did not investigate this evidence.

To succeed on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must show "(1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716–17 (7th Cir. 2006).

The Defendant cannot meet the second requirement that he show that he would have not pled guilty had his counsel investigated or raised his claim that he did not possess the drugs. Without a compelling explanation of why he did not raise it at the plea hearing, the in-depth questioning during the plea hearing defeats the Defendant's claim. When he pled guilty, he went through a plea colloquy in which he was asked whether he was satisfied with his attorney's representation. He answered yes. He said he had ample time to discuss his case with his attorney and that nobody forced him to plead guilty. The Court explained to him the elements of the offense to which he was pleading guilty, including that he possessed the crack cocaine, that he did so knowingly and intentionally, that he intended to deliver it to another, and that he knew the substance was some kind of prohibited drug. The Defendant's counsel said he had discussed these elements with his the Defendant. The Court asked the Defendant a series of questions about his conduct, and the Defendant admitted possessing the drugs.

> THE COURT:  Okay.  You were driving a car?
> THE DEFENDANT:  Yes.

>THE COURT:  And you knew there was crack cocaine in the trunk?
>THE DEFENDANT:  Yes.
>THE COURT:  And what was your intention in driving the car with the crack in the trunk.
>THE DEFENDANT:  Deliver it.
>THE COURT:  I'm sorry?
>THE DEFENDANT:  Deliver it.
>THE COURT:  And where were you going deliver it to?
>THE DEFENDANT:  Kentucky.
>THE COURT:  And what was your purpose in delivering the crack cocaine, that is, what were you going to do with it in making that delivery?  What was going to happen to the crack when you got to Kentucky?
>THE DEFENDANT:  I was just dropping it off.
>THE COURT:  But where was it going to be -- do you have any knowledge of what --
>THE DEFENDANT:  Yes, to someone else.
>THE COURT:  For what purpose was it going to be --
>THE DEFENDANT:  I believe it was going to be distributed, Your Honor.
>THE COURT:  That is sell on the streets?
>THE DEFENDANT:  Yes.

(Tr. Plea Hearing 18–19, Aug. 19, 2003.) The Defendant also agreed with the government's summary of its evidence, except he disagreed with the government's characterization of a letter he wrote as incriminating.

The Defendant has not shown he would not have pled guilty if his attorney had investigated or raised his claims. Nowhere in the Defendant's motion does he assert that he would not have pled guilty if his counsel would have investigated and raised the issue of whether he possessed the drugs. He went through two plea colloquies and was familiar with the process. He had changed counsel several times. The Defendant himself could have told the Court at the second plea hearing that he did not possess the drugs, or that he was not happy with his attorney's representation. He did take issue with the government's summary of its evidence, but only as to a letter that is not relevant here. He agreed with the rest of the government's evidence. He does not explain why he was able to object to the government's characterization of a letter

6

but could not tell the Court that he did not possess the drugs.

Without any evidence or explanation at all from the Defendant, there is no basis for the Court to find that the Defendant would not have pled guilty had his counsel investigated and raised whether the Defendant possessed the drugs.

**D.     Ineffectiveness of Appellate Counsel**

The Defendant claims his appellate counsel's assistance was ineffective because he did not raise on appeal the Court's ruling on his motion to suppress. He also claims appellate counsel should have raised on appeal his claim that he did not possess the drugs.

The *Strickland* standard requires a showing that "counsel's performance fell below an objective standard of reasonableness, and this deficiency actually caused prejudice." *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004). An appellate counsel's performance is deficient if an issue that is both obvious and clearly stronger than the raised issues is not argued. *Id.*

The Defendant cannot show that his appellate counsel was deficient in not challenging the Court's ruling on his motion to suppress because he did not reserve his right to challenge any pretrial motions when he entered an unconditional guilty plea. Rule 11(a)(2) states: With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. Fed. R. Crim. P. 11(a)(2). Where a party does not reserve in writing the right to appeal a pretrial motion, the party has waived his right to do so, and may not appeal any pretrial decisions. *United States v. Markling*, 7 F.3d 1309, 1312 (7th Cir. 1993) ("[A]n unconditional guilty plea generally 'waives all nonjurisdictional defects in the

7

proceeding,' including Fourth Amendment claims." (quoting 1 Charles Alan Wright, *Federal Practice and Procedure* § 175, at 624 (1982))).

Here, the Defendant did not ask for a conditional plea, the government and the Court did not consent to a conditional plea, and there is no writing reserving the Defendant's right to challenge any of the Court's pretrial decisions. It would have been unreasonable for Defendant's appellate counsel to challenge the Court's ruling on the suppression motion because the Defendant waived his right to do so. Counsel's failure to raise the issue caused no prejudice because such an appeal would have been unsuccessful.

The Defendant also states that his appellate counsel was deficient for not arguing on appeal that he did not possess any drugs. However, the issue was not raised before the district court and the Defendant pled guilty, and therefore, the issue could not have been raised on appeal. The Defendant's appellate counsel acted reasonably in not raising on appeal the sufficiency of the evidence of the Defendant's guilt.

## ORDER

The Defendant's § 2255 motion [DE 202] is DENIED.

SO ORDERED on December 18, 2006.

            s/ Theresa L. Springmann
            THERESA L. SPRINGMANN
            UNITED STATES DISTRICT COURT